[Cite as *State v. Taylor*, 2020-Ohio-4852.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                     Court of Appeals No. WD-19-092

     Appellee                                Trial Court No. 2019CR0184

v.

Edward Lamale Taylor                      **DECISION AND JUDGMENT**

     Appellant                                Decided:  October 9, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a December 2, 2019 judgment of the Wood County

Court of Common Pleas, finding appellant guilty of one count of theft, in violation of

R.C. 2913.02, a misdemeanor of the first degree.  For the reasons set forth below, this

court affirms the judgment of the trial court.

{¶ 2} Appellant, Edward Lamale Taylor, sets forth the following two assignments of error:

I: There was not sufficient evidence to support the jury's conviction.

II: The jury's conviction was against the manifest weight of the evidence.

{¶ 3} The following undisputed facts are relevant to this appeal. On September 20, 2016, staff employed at the Bridgepointe Hotel in Northwood observed that several large commercial washing machines had been stolen from the premises. The subject machines had been placed in the parking lot and offered for sale following the acquisition of new machines.

{¶ 4} After discovery of the theft, the Northwood Police Department was contacted and reported to the scene. The responding officer took a theft report, initiated an investigation, and departed from the hotel premises.

{¶ 5} Shortly thereafter, appellant was observed in the parking lot by the hotel staff loading up one of the remaining for sale hotel washing machines onto his vehicle. Appellant had not purchased the machine.

{¶ 6} Upon observing the theft as it was transpiring, Joseph Ferguson, the hotel's assistant manager, went into the parking lot and confronted appellant. Given the circumstances, Ferguson recognized that appellant had likely been responsible for stealing the other washing machines earlier that day. Ferguson advised appellant that he needed to return the other two washing machines.

2.

{¶ 7} In response, appellant refused to identify himself, acknowledged that he had taken the other machines, disclosed that he had already scrapped them for cash, refused to relinquish the cash proceeds, and fled the scene.

{¶ 8} Prior to appellant absconding, Ferguson photographed appellant's motor vehicle license plate. Ferguson contacted the investigating officer, who promptly returned to the scene. Ferguson furnished the officer with the license plate photograph. Investigative follow-up revealed that the vehicle belonged to appellant and appellant was positively identified as the perpetrator.

{¶ 9} On May 2, 2019, appellant was indicted on one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. On December 2, 2019, the case proceeded to a jury trial.

{¶ 10} Appellant was convicted of theft, however, based upon the valuation level of the used machines, appellant was found guilty of first degree misdemeanor theft. This appeal ensued.

{¶ 11} In the first assignment of error, appellant maintains that the jury lacked sufficient evidence in support of the misdemeanor theft conviction. We do not concur.

{¶ 12} It is well-established that when reviewing a sufficiency of the evidence challenge upon appeal, we must examine the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *State v. Shelby*, 6th Dist. Wood No. WD-17-056, 2019-Ohio-1564, ¶ 19, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

3.

{¶ 13} R.C. 2913.02(A)(1) establishes that, "[N]o person, with purpose to deprive the owner of property or service, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent."

{¶ 14} In support of appellant's sufficiency challenge, appellant principally maintains that the circumstances surrounding the placement of the commercial washing machines in the hotel parking lot should be construed as implied consent such that the items were available to be taken free of charge, and similarly asserts that he did not knowingly steal the machines. The record of evidence does not comport with appellant's position.

{¶ 15} Sailesh Merchant, the owner of the hotel and the owner of the washing machines, testified at trial that the washing machines had been placed in the parking lot with for-sale signs affixed to them following his purchase of replacement commercial washing machines.

{¶ 16} Consistently, Ferguson, the assistant manager of the hotel, testified at trial that the machines had for-sale signs affixed to them prior to being unilaterally removed and sold for scrap value by appellant.

{¶ 17} Ferguson gave unequivocal testimony regarding the presence of for-sale signage as Ferguson had shown the stolen washing machines to a prospective buyer on the previous day. Ferguson elaborated that he had personally placed the signage upon the machines in anticipation of the arrival of the prospective buyer.

4.

{¶ 18} The investigating officer from the Northwood Police Department testified that the washing machines had been placed in the parking lot in a location approximately 15 feet from the hotel dumpsters, not in front of or immediately adjacent to the hotel dumpsters so as to appear discarded and available on a gratis basis, as implied by appellant in support of this appeal.

{¶ 19} In addition, the officer further testified having personally observed for sale signage upon the machines during police patrols of the parking lot prior to appellant's theft of the machines.

{¶ 20} No evidence was presented at trial that anyone had either expressly or impliedly communicated consent to appellant for removal of the items on any basis.

{¶ 21} The jury found appellant guilty of theft, in violation of R.C. 2913.02. It was determined that the value of the property stolen was less than $1,000.00, thereby rendering the conviction to be at the first degree misdemeanor level.

{¶ 22} The trial court stated in pertinent part at sentencing, "[Y]ou've got quite a rap sheet here. Fortunately for you, Los Angeles County, California is not very cooperative in providing us records * * * [O]ne of those charges out of Los Angeles County was a murder charge * * * [Y]ou do have a prior conviction for intimidation of a crime victim or witness for which you were sentenced to CCNO * * * I impose a sentence of 180 days."

{¶ 23} The record reflects that on September 20, 2016, commercial washing machines belonging to the Bridgepointe Hotel were located in the parking lot of the hotel.

5.

The record shows that the machines were not in front, or immediately adjacent to, the hotel dumpsters, so as to arguably indicate they had been discarded and were available to be taken free of charge on a unilateral basis.

{¶ 24} The record further reflects that for sale signage was placed upon the machines, as the machines had been shown by the assistant manager to a prospective buyer the day before appellant's theft of the machines. The record contains no evidence that express or implied consent had been furnished by anyone to appellant in connection to this matter.

{¶ 25} We find that the record shows that, when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the elements of the misdemeanor theft offense proven beyond a reasonable doubt. We find appellant's first assignment of error not well-taken.

{¶ 26} In appellant's second assignment of error, appellant similarly maintains that the theft conviction was against the manifest weight of the evidence. We do not concur.

{¶ 27} In determining whether a conviction is against the manifest weight of the evidence, the appellate court must review the record of evidence, weigh and consider all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way such that a manifest miscarriage of justice resulted requiring reversal and a new trial. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

6.

{¶ 28} In support of the second assignment of error, appellant summarily concludes that, "There were no indications that the intention of Bridgepointe was to keep these machines." Appellant thereby again suggests that the machines were available to be taken without consent or cost. We do not concur.

{¶ 29} The trial court heard testimony from the hotel owner, the hotel assistant manager, and both investigating officers consistently reflecting that the washing machines were placed in a position in the hotel parking lot that was neither in front of or immediately adjacent to the hotel dumpsters. Exhibits introduced at trial show that the machines were not placed at the curb, roadside, or in the dumpsters, so that it could possibly be maintained that the items were discarded and available for the taking at no cost.

{¶ 30} The trial court heard testimony from multiple witnesses reflecting that for sale signage had been placed upon the machines prior to appellant's removal of the machines.

{¶ 31} By contrast, appellant summarily maintains, without supporting evidence, that the machines had no signage and were placed in such a way that it should be construed that they were available to be unilaterally taken free of charge.

{¶ 32} The overwhelming weight of the evidence presented supports the disputed conviction.

{¶ 33} Accordingly, we find the record devoid of evidence that the jury lost its way and caused a manifest miscarriage of justice. We find appellant's second assignment of error not well-taken.

7.

**{¶ 34}** On consideration whereof, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                              _____
                                                JUDGE

Arlene Singer, J.

                                                  _____
Thomas J. Osowik, J.                                  JUDGE
CONCUR.

                                                  _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.